IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR28 |
| v. | |
| ELMER ALEXANDER ANDRADE, | MEMORANDUM AND ORDER |
| Defendant. | |

    On February 14, 2019, defendant Elmer Alexander Andrade ("Andrade") pleaded guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) and 846. The Court sentenced him to 175 months in prison followed by 5 years of supervised release. Andrade is serving his sentence at the Federal Correctional Institution at Lompoc, California ("FCI Lompoc"). He reports his projected release date is June 24, 2030.

    Now before the Court are Andrade's pro se Motion for Compassionate Release (Filing No. 107) pursuant to 18 U.S.C. § 3582(c)(1)(A) and Motion for Appointment of Counsel (Filing No. 108). Section 3582(c)(1)(A) authorizes Andrade to move for a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." *Id.*

    Andrade states he has satisfied § 3582(c)(1)(A) because his former attorney "submitted [Andrade's] request for compassionate release to the Warden of [FCI Lompoc] by certified mail on September 3, 2020," but "did not receive a response from the Warden." Assuming that's true, Andrade's motion still falls short.

    To qualify for a sentence reduction under § 3582(c)(1)(A)(i), Andrade must demonstrate "extraordinary and compelling reasons" for relief. In his motion, Andrade states he "believes there are extraordinary and compelling reasons for" his release, but he

does not say what they are.[1] He further states that he attached to his motion "copies of written correspondence to and from the Bureau of Prisons related to [his] motion, including a written request to the Warden and no records of any denial from the Bureau of Prisons." The Court did not receive those copies and thus has no idea what grounds for relief Andrade's counsel presented to the warden.

At this point, there is nothing in the record to justify any reduction in Andrade's sentence under § 3582(c)(1)(A)(i). To the extent Andrade's motion is based on a fear of contracting COVID-19 in prison, that fear alone, though valid, does not warrant a sentence reduction. See, e.g., United States v. Thompson, 984 F.3d 431, 435 (5th Cir. 2021) ("Fear of COVID doesn't automatically entitle a prisoner to release."); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

Given the absence of any colorable grounds for sentencing relief in the record, Andrade's Motion for Compassionate Release (Filing No. 107) and related Motion for Appointment of Counsel (Filing No. 108) are denied.

IT IS SO ORDERED.

Dated this 5th day of March 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

---

[1] A letter dated February 2, 2021, from Andrade's former counsel attached to Andrade's motion to appoint counsel indicates his counsel prepared and sent a motion for compassionate release for Andrade's signature before terminating his representation. The Court presumes that is the motion Andrade filed shortly thereafter.