# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR28 |
| v. | |
| ELMER ALEXANDER ANDRADE, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Elmer Alexander Andrade's ("Andrade") Amended Motion for Compassionate Release (Filing No. 111). *See* 18 U.S.C. § 3582(c)(1)(A). The Court denied Andrade's first motion (Filing No. 107) because there was "nothing in the record to justify any reduction in his sentence under § 3582(c)(1)(A)(i)." Andrade now renews his motion with additional help from his retained counsel.

Andrade, who is currently serving his sentence at the Federal Correctional Institution at Lompoc, California ("FCI Lompoc"), reports that he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [his] behalf and it has been 30 days after the warden of [his] facility received [his] request that the warden make a motion on [his] behalf, whichever is earlier." Either of those two alternatives would permit Andrade to ask the Court to reduce his sentence under § 3582(c)(1)(A).

Although Andrade does not provide any evidence of full exhaustion, he does attach a copy of a certified letter dated September 3, 2020, and addressed to FCI Lompoc in which his counsel requests compassionate release for Andrade "due to the Covid-19 outbreak and his medical condition." The letter briefly noted two specific medical conditions that may place Andrade at a greater risk from COVID-19 but did not indicate any supporting documentation was sent.

In the instant motion, Andrade's counsel reports that he "has not received a denial from the [BOP] or FCI Lompoc" and "did not receive a response from the Warden of FCI Lompoc." The Court accepts Andrade's counsel's assertions on this point as an officer of the court.[1]

The Court nonetheless has some concerns that militate against deciding Andrade's motion on the merits at this time. First, Andrade has attached to his motion three medical records from 2019 that indicate he may have a third medical condition. He states that medical condition may lead to him contracting COVID-19. Based on the record before the Court, Andrade did not send those medical records or otherwise submit that medical condition to the warden at FCI Lompoc for review in connection with his request for a sentence reduction.

Second, more than eight months have passed since Andrade's counsel sent his letter to FCI Lompoc. A lot has happened since then, including much lower COVID-19 positivity rates across the country, the approval of multiple vaccines, and a massive effort to vaccinate the federal prison population and the public at large.

The Court anticipates that Andrade and his counsel may be frustrated by a second procedural denial of his request for relief. But at first blush, the minimal record before the Court at this point is far from establishing "extraordinary and compelling reasons," *id.* § 3582(c)(1)(A)(i), to reduce Andrade's sentence, particularly in light of his ten-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A). *See United States v. Peebles*, No. 8:18CR336, 2020 WL 7495291, at *1-3 (D. Neb. Dec. 21, 2020) (questioning the impact a "mandatory minimum has on the Court's authority to" reduce a defendant's sentence under § 3582(c)(1)(A)). More importantly, the Court sees substantial value in allowing the BOP to assess the full and present picture of Andrade's request for sentencing relief in the

---

[1] In addition to Andrade's certified letter to FCI Lompoc and a return receipt which were attached to the motion, Andrade's counsel indicates that correspondence "from the [BOP] FCI Lompoc" is also attached. No return correspondence was attached to the motion.

first instance. *See United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (noting the BOP's important statutory role in evaluating reduction requests "and its extensive and professional efforts to curtail the virus's spread").

For those reasons, Andrade's Amended Motion for Compassionate Release (Filing No. 111) is denied without prejudice.

IT IS SO ORDERED.

Dated this 11th day of May 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge